IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PRESTON JOHN THOMAS HAMLIN,**

     Plaintiff,

v.                                   Civil Action No. **3:15CV121**

**OFFICER HUTCHINSON,** *et al.*,

     Defendants.

### MEMORANDUM OPINION

Preston John Thomas Hamlin, a Virginia prisoner proceeding *pro se*, submitted this civil action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). These standards permit the Court to dismiss actions that are clearly barred by the statute of limitations.

## II.   SUMMARY OF ALLEGATIONS

In 2012, Defendants Hutchinson and Elkins, officers with the Petersburg Police Department, approached Plaintiff in the parking lot of "Valero's." (Compl. 2.) Defendants began harassing Plaintiff. Plaintiff ran away. Defendants caught Plaintiff, slammed him to the ground and "then took turns beating the plaintiff . . . ." (*Id.* at 3.) Plaintiff claims that Defendants violated his constitutional rights by using excessive force against his person. Plaintiff demands monetary damages and injunctive relief.

## III.   ANALYIS

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2015). Hence, Plaintiff should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Plaintiff executed his Complaint and presumably handed it to prison officials for mailing on February 13, 2015.  (Compl. 4.)  The Complaint is deemed filed for statute of limitation purposes as of that date.  *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing).  Because Plaintiff failed to file his Complaint within two years from the accrual of his claim in 2012, the statute of limitations bars this action.

## IV.   CONCLUSION

Plaintiff's claims and the action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).  Plaintiff's Motion for the Appointment of Counsel (ECF No. 10) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date:  11/24/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge